**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CONSTANCE GARY,<br><br>    Plaintiff,<br><br>        -against-<br><br>DELUXE CORP.,<br><br>    Defendant. | Civil Action No. 24-cv-159-JLH-CJB |

**DEFENDANT DELUXE CORP.'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS
THE AMENDED COMPLAINT**

Dated: April 30, 2026

DORSEY & WHITNEY (DELAWARE) LLP

Alessandra Glorioso (DE# 5757)
glorioso.alessandra@dorsey.com
300 Delaware Avenue, Suite 1010
Wilmington, DE 19801
Telephone: (302) 425-7171
Facsimile: (302) 425-7177

*Counsel for Defendant Deluxe Corp.*

**TABLE OF CONTENTS**

**Page**

I.   STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS ...........................1

II.  SUMMARY OF ARGUMENT .................................................................................2

III. STATEMENT OF FACTS ........................................................................................2

IV.  ARGUMENT .............................................................................................................7

    A.   The Court Should Dismiss the Amended Complaint Under Federal Rule
        12(b)(6) For Failure to State a Claim. .....................................................................8

        i.   Most of Gary's Claims Are Barred By The Doctrine of *Res
            Judicata*. .....................................................................................................9

        ii.  Gary's Breach-of-Contract Allegations Fail to Plead the Requisite
            Elements. ....................................................................................................12

    B.   Alternatively, the Court Should Dismiss the Amended Complaint Under
        Federal Rule 12(b)(5) Because Gary Failed to Comply With Court Orders
        and Federal Rule 4(m). .........................................................................................14

V.   CONCLUSION ........................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arunachalam v. Pazuniak*,
 No. 15-259-RGA, 2016 U.S. Dist. LEXIS 22147 (D. Del. Feb. 24, 2016) ..............................12

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009)....................................................................................................................8, 9

*Bradley v. Pittsburgh Bd. Of Educ.*,
 913 F.2d 1064 (3d Cir. 1990)....................................................................................................9, 12

*Buck v. Hampton Twp. Sch. Dist.*,
 452 F.3d 256 (3d Cir. 2006)..........................................................................................................3

*Churchill v. Star Enterprises*,
 183 F.3d 184 (3d Cir. 1999)..........................................................................................................9

*Constance Gary v. Deluxe Corp.*,
 Civ. No. 20-1632-RGA.......................................................................................................1, 5, 12

*Daniels v. Dover Downs Hotel & Casino Valet Parking*,
 No. K17C-02-013 JJC, 2017 Del. Super. LEXIS 227 (Del. Super. May 9,
 2017) ............................................................................................................................................13

*Duffy v. Kent County Levy Court, Inc.*,
 No. 09-817-SLR, 2011 U.S. Dist. LEXIS 18111 (D. Del. Feb. 23, 2011) ..............................12

*E.I. DuPont de Nemours & Co. v. Pressman*,
 679 A.2d 436 (Del. 1996) ............................................................................................................13

*EEOC v. U.S. Steel Corp.*,
 921 F.2d 489 (3d Cir. 1990)..........................................................................................................10

*Fowler v. UPMC Shadyside*,
 578 F.3d 203 (3d Cir. 2009)...........................................................................................................3

*Gary v. Deluxe Corp.*,
 No. 20-1632-RGA, 2022 U.S. Dist. LEXIS 128298 (D. Del. July 19, 2022) ......................3, 4

*Gary v. Wausau Fin. Sys*,
 Appeal Docket No. 27142869 (Del. Unemp. Ins. App. Bd. Apr. 17, 2024)........................6, 11

*Gary v. Wausau Fin. Sys. et al.*,
No. N24A-04-006 CEB, 2024 Del. Super. LEXIS 738 (Del. Super. Nov. 7, 2024), *affirmed*, *Gary v. Wausau Fin. Sys. et al.*, 2025 Del. LEXIS 244 (Del. June 26, 2025) ................................................................................................................. *passim*

*Golod v. Bank of Am. Corp.*,
403 Fed. Appx. 699 (3d Cir. 2010) ...................................................................9, 13

*Hood-Anderson v. New Castle Cnty.*,
No. 24-1012-CFC, 2026 U.S. Dist. LEXIS 6231 (D. Del. Jan. 13, 2026) ...............3

*Mala v. Crown Bay Marina, Inc.*,
704 F.3d 239 (3d Cir. 2013) ....................................................................................9

*Mann v. A.O. Smith Corp.*,
No. 21-2361, 2023 U.S. App. LEXIS 5243 (3d Cir. Mar. 3, 2023) .......................10

*Mannina v. Safeway Co.*,
No. 18-693-RGA, 2019 U.S. Dist. LEXIS 115001 (D. Del. July 11, 2019) ...........14

*McGillvary v. Grande*,
No. 21-14015 (FLW), 2022 U.S. Dist. LEXIS 82338 (D. N.J. May 6, 2022) ..........9

*McLaughlin v. Bd. of Trs. of the Nat'l Elevator Indus. Health Ben. Plan*,
686 Fed. Appx. 118 (3d Cir. 2017) .......................................................................10

*Meding v. Hurd*,
607 F. Supp. 1088 (D. Del. 1985) ...........................................................................9

*Milbourne v. Beecher*,
No. 15-705-RGA, 2016 U.S. Dist. LEXIS 84925 (D. Del. June 30, 2016) .............8

*Mohammed v. May Dep't Stores, Co.*,
273 F. Supp. 2d 531 (D. Del. July 22, 2023) ........................................................10

*Phillips v. County of Allegheny*,
515 F.3d 224 (3d Cir. 2008) ....................................................................................3

*Rivera v. New Castle Cnty. PD*,
No. 20-1758-GBW, 2023 U.S. Dist. LEXIS 54155 (D. Del. Mar. 28, 2023) ...........3

*Thomas v. Christiana Health Care Servs.*,
No. 21-746-CFC, 2022 U.S. Dist. LEXIS 39528 (D. Del. Mar. 7, 2022) .......8, 9, 13

*VLIW Tech., LLC v. Hewlett-Packard Co.*,
840 A.2d 606 (Del. 2003) ......................................................................................12

iii

*White v. Pa. State Police*,
    No. 10-0464, 2012 U.S. Dist. LEXIS 67855 (W.D. Pa. Apr. 25, 2012)........................9, 12, 14

*Williams v. BASF Catalysts LLC*,
    765 F.3d 306 (3d Cir. 2014)...............................................................................................8

**Statutes**

19 Del. C. § 3323(b) ..............................................................................................................7

**Other Authorities**

5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357
    (3d ed. 2004) ....................................................................................................................3

Fed. R. Civ. P. 4(m) .........................................................................................................2, 14

Fed. R. Civ. P. 12(b)(5)..............................................................................................2, 8, 14, 15

Fed. R. Civ. P. 12(b)(6)................................................................................................. *passim*

iv

## I.      STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

Over five years ago, Plaintiff Constance Gary ("Gary") initiated a substantially similar action against Defendant Deluxe Corporation ("Deluxe" or the "Company"), captioned as *Constance Gary v. Deluxe Corp.*, Civ. No. 20-1632-RGA (the "Prior Action"). Gary, who was employed by Deluxe at the time, alleged "a virtual smorgasbord of discrimination claims involving her workplace." *Gary v. Wausau Fin. Sys. et al.*, No. N24A-04-006 CEB, 2024 Del. Super. LEXIS 738, at *1 (Del. Super. Nov. 7, 2024), *affirmed*, *Gary v. Wausau Fin. Sys. et al.*, 2025 Del. LEXIS 244 (Del. June 26, 2025).

After years of back-and-forth settlement communications, on June 19, 2023, Gary signed a settlement agreement effectively ending her employment with Deluxe (the "Settlement Agreement"). *Id.* at 2; D.I. 10, ¶ 16. In exchange, Gary received, *inter alia*, nearly a year's salary. *Gary*, 2024 Del. Super. LEXIS 738, at *2. Nevertheless, the day after Gary signed the Settlement Agreement, she wrote to her supervisor alleging she had been constructively discharged. *Id.*; D.I. 10, ¶ 17. The next day, Gary filed for unemployment benefits.[1] *Id.*; D.I. 10, ¶ 18.

On July 10, 2023, the Court dismissed the Prior Action, *with prejudice*. *Gary v. Deluxe*, Civ. No. 20-1632-RGA, D.I. 42. That same day, Gary filed a motion to reopen the Prior Action, alleging she was "coerced" into signing the Settlement Agreement." *Gary v. Deluxe*, Civ. No. 20-1632-RGA, D.I. 43. The Court denied Gary's motion. *Gary v. Deluxe*, Civ. No. 20-1632-RGA, D.I. 58.

---

[1] On October 18, 2023, an appeals referee concluded Gary was disqualified for unemployment benefits. *See Gary*, 2024 Del. Super. LEXIS 738, at 3. Her disqualification for unemployment benefits has been affirmed at each appellate level up to and including the Delaware Supreme Court. *See Gary*, 2025 Del. LEXIS 244.

On November 7, 2023, Gary filed a charge of discrimination against Deluxe with the U.S. Equal Employment Opportunity Commission ("EEOC"), alleging she signed the Settlement Agreement under duress and coercion. D.I. 10, ¶ 21. On November 8, 2023, the EEOC issued Gary her Notice of Right to Sue. D.I. 10, ¶ 22.

On February 6, 2024, Gary initiated this action. D.I. 2. On April 14, 2025, the Court dismissed the complaint, finding it largely restated allegations from the Prior Action, but granted Gary leave to file an amended complaint. D.I. 7. The Court ordered, however, that the amended complaint could only bring certain claims against the Company. *Id.* After receiving an extension of time, Gary filed the amended complaint ("Amended Complaint") but failed to timely serve Deluxe. D.I. 10. Accordingly, Deluxe moved to dismiss this action. D.I. 11.

On July 24, 2025, the Court ordered Gary to complete U.S. Marshal-285 form ("USM-285"). On October 22, 2025, Gary filed USM-285. On February 3, 2026, the Court ordered Gary to prepare a new USM-285 and request a new summons within 30 days of the order. D.I. 14. Gary failed to meet the court-ordered deadline. *See* D.I. 15. On April 14, 2026, Deluxe was served with the summons and Amended Complaint.

Deluxe now moves to dismiss this action, with prejudice, for the reasons stated herein.

## II.    SUMMARY OF ARGUMENT

Deluxe's argument in support of this Motion to Dismiss is outlined as follows:

1. The Court should dismiss the Amended Complaint under Federal Rule 12(b)(6) for failure to state a claim.

    a.  Most of Gary's claims are barred by the doctrine of *res judicata*.

    b.  Gary's breach-of-contract allegations fail to plead the requisite elements.

2. Alternatively, the Court should dismiss the Amended Complaint under Federal Rule 12(b)(5) because Gary failed to comply with court orders and Federal Rule 4(m).

## III.    STATEMENT OF FACTS

The Court accepts Gary's factual allegations as true at the pleading stage. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). Thus, solely for purposes of this Motion, Deluxe draws the following background from the allegations in the Amended Complaint. Additionally, Deluxe pulls from and cites to prior court filings as matters of public record, as well as documents integral to or explicitly relied upon in the Amended Complaint. *See Rivera v. New Castle Cnty. PD*, No. 20-1758-GBW, 2023 U.S. Dist. LEXIS 54155 (D. Del. Mar. 28, 2023) (stating courts may consider, on motion to dismiss, "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, and items appearing in the record of the case") (quoting *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006); 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d ed. 2004)); *see also Hood-Anderson v. New Castle Cnty.*, No. 24-1012-CFC, 2026 U.S. Dist. LEXIS 6231, *21 (D. Del. Jan. 13, 2026) ("Notably, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.") (internal quotation omitted).

On November 30, 2020, Gary initiated the Prior Action. *See Gary v. Deluxe Corp.*, No. 20-1632-RGA, 2022 U.S. Dist. LEXIS 128298, at *1 (D. Del. July 19, 2022). At the time she commenced the Prior Action, Gary had been employed by Deluxe and its predecessor company for many years. *Id.* She had previously filed an employment discrimination claim with the predecessor company that settled before Deluxe's acquisition of the company. *Id.* In the Prior Action, Gary alleged she had been subjected to a retaliatory hostile work environment since settling the previous lawsuit. *Id.* Additionally, she alleged a number of other claims, including discrimination, breach of contract and breach of the covenant of good faith and fair dealing, defamation and slander, and intentional infliction of emotional distress. *Id.* at 2-3. On July 19,

3

2022, the Court dismissed Gary's contract, breach of fiduciary, and intentional infliction of emotional distress claims in the Prior Action, and held that amendment of such claims was futile. *Id.* at 14-15.

While the Prior Action was pending, Deluxe and Gary engaged in numerous settlement communications. *See Gary*, 2024 Del. Super. LEXIS 738, at *1. Gary's settlement demands ran "the gamut from $150,000 to $2 million and a letter of recommendation." *Id.* at 2. During the discussions with Gary, Deluxe's counsel repeatedly told her that she was free to decline settlement and continue working at Deluxe. *Id.* at 3.

In June of 2023, the parties exchanged proposed edits to a draft settlement agreement. *See* D.I. 10 ¶¶ 9-12. One of Deluxe's edits included replacing, in track changes, the word "termination" [of employment] with "end" [of employment]. *See* **Ex. A**, p. 1. In response to the draft, Gary stated her intent to "file yet another charge against Deluxe within this case for retaliation, because the word termination should never have appeared in the agreement as a coercive method to get me to sign an agreement waiving my right to file claims and receive money for a constructive discharge." *Gary*, 2024 Del. Super. LEXIS 738, at 6. Gary demanded an increased settlement payment of $107,000, from the parties' agreed upon amount of $58,500. *Id.* She also threatened: "If Deluxe wants to avoid another charge of retaliation for threatening termination within the settlement agreement just sent to me during negotiations that have gone on for months, Deluxe will concede to the $107K demand." *Id.*

By June 19, 2023, Gary and Deluxe had reached a resolution. In exchange for nearly a year's salary, among other benefits, Gary signed the Settlement Agreement. *Id.* at 2; D.I. 10, ¶ 16. Despite Gary's supposed intention to settle the dispute, on June 20, 2023, she wrote to her

supervisor alleging Deluxe had constructively discharged her. *Id.*; D.I. 10, ¶ 17. She then applied for unemployment benefits, which were denied. *Id.*; D.I. 10, ¶ 18.

On July 10, 2023, the Court granted the parties' stipulation for voluntary dismissal and dismissed the Prior Action, *with prejudice. Gary v. Deluxe*, Civ. No. 20-1632-RGA, D.I. 42. That same day, Gary filed a motion to reopen the Prior Action, alleging she was "coerced" into signing the Settlement Agreement after Deluxe "cryptically threatened termination if [she] did not agree to it's [sic] settlement terms." *Gary v. Deluxe*, Civ. No. 20-1632-RGA, D.I. 43. The Court denied Gary's motion. *Gary v. Deluxe*, Civ. No. 20-1632-RGA, D.I. 58.

On October 18, 2023, an appeals referee for the Delaware Division of Unemployment Insurance concluded Gary was disqualified for unemployment benefits. *Gary*, 2024 Del. Super. LEXIS 738, at 3. At the hearing, the appeals referee invited Gary to present evidence of duress or coercion. *Id.* In response, Gary said she had "demanded increased payments prior to even signing th[e] agreement" and that Deluxe had "rejected [the] increased payments." *Id.* n. 13. Accordingly, the appeals referee found no evidence of duress or coercion and that Gary's separation from employment was voluntary. *Id.* The appeals referee ruled:

> [T]he tribunal finds that the Claimant voluntarily quit her employment when she signed the [Settlement Agreement and Release ('SAR')] thereby indicating her agreement. The tribunal finds the Claimant's assertion that she did so under duress simply not credible. The tribunal notes that the SAR provides the Claimant with a 21 day right of review and a [7] day right to revoke. Clearly the Claimant left her employment as a result of a cash payout and other considerations provided for in the SAR.

*Id.* n. 14.

The Delaware Unemployment Insurance Appeals Board ("DUIAB") held its own hearing and reached the same conclusion. *Id.* Specifically, the DUIAB found:

> Aside from conclusory statements, Claimant has failed to articulate how she was coerced. What is clear is that Claimant had a choice to sign the settlement agreement. She could have refused to sign it and

> continued her suit in District Court. Instead, she chose to accept Employer's contract terms, voluntarily resign her job, and get paid. The Board finds Claimant's allegation of coercion to be meritless.

*Gary v. Wausau Fin. Sys*, Appeal Docket No. 27142869 (Del. Unemp. Ins. App. Bd. Apr. 17, 2024).

On November 7, 2023, Gary filed a charge of discrimination against Deluxe with the EEOC alleging she signed the Settlement Agreement under duress and coercion. D.I. 10, ¶ 21. On November 8, 2023, the EEOC issued Gary her Notice of Right to Sue. D.I. 10, ¶ 22.

On February 6, 2024, Gary initiated this action. D.I. 2. On April 14, 2025, the Court dismissed the complaint, finding it largely restated allegations from the Prior Action which had already been considered and adjudicated. D.I. 7. The Court granted Gary leave to file an amended complaint by April 28, 2025, and, citing to the Court's denial of Gary's motion to reopen the Prior Action, ordered that the amended complaint "may only bring breach of contract claims against Defendant and challenge the application of any waiver of claims in the parties' prior settlement agreement." *Id.* After receiving an extension of time, Gary filed the Amended Complaint on May 30, 2025. D.I. 10. In the Amended Complaint, Gary alleges (1) "Duress/Coercion/Undue Influence"; (2) "Fraud/Misrepresentation"; (3) "Breach of Contract"; and (4) "Title VII and DDEA (Delaware Title 19) Retaliatory Hostile Work Environment, Retaliation, Constructive Discharge". *Id.* Because Gary failed to timely serve the Amended Complaint, Deluxe moved to dismiss on the basis of insufficient service of process. D.I. 11.

Meanwhile, Gary's disqualification for unemployment benefits had been affirmed at each appellate level. On November 8, 2024, the Superior Court of Delaware affirmed the decision of the DUIAB. *Gary*, 2024 Del. Super. LEXIS 738, *7-8. Rejecting Gary's allegations of duress, the Superior Court reasoned:

> Contracts made under duress are voidable at the option of the victim. But the "victim" is also free to ratify the contract if, for example, (s)he "accepts the benefits flowing from it or remains silent or acquiesces in the contract for any considerable length of time after opportunity i[s] afforded to annul or void it."
>
> . . . . .
>
> [I]t is abundantly clear that [Gary] accepted the benefits of the settlement agreement, to wit, a $58,000 check, a letter of reference, and other benefits. She has not returned them. She cannot simultaneously claim that she signed the settlement agreement under duress and can therefore ignore the voluntary resignation and releases she executed in return for the money.

*Id.* at 7 (internal citations omitted). On June 26, 2025, the Delaware Supreme Court affirmed the judgment of the Superior Court. *Gary*, 2025 Del. LEXIS 244. On July 14, 2025, the Delaware Supreme Court issued a mandate affirming its decision, thereby concluding Gary's unemployment benefits appeal. *See* 19 Del. C. § 3323(b) (outlining the appeals process for unemployment benefits decisions).

On July 24, 2025, the Court in this action ordered Gary to complete Form USM-285, so the U.S. Marshals Service could effectuate service of the Amended Complaint. On October 22, 2025, Gary filed USM-285. On February 3, 2026, the Court ordered Gary to prepare a new USM-285 and request a new summons. D.I. 14. The Order provided that Gary's failure to do so "within thirty (30) days from the date of this Order may result in dismissal of Defendant, pursuant to Federal Rule of Civil Procedure 4(m)." *Id.* Gary failed to meet the court-ordered 30-day deadline of March 5, 2026. *See* D.I. 15.

On April 14, 2026, Deluxe was served with the summons and Amended Complaint.

## IV.    ARGUMENT

This action is an attempt by Gary to force a "do over" and relitigate her dismissed claims against Deluxe—claims that the unemployment appeals referee, DUIAB, Delaware Superior

7

Court, and Delaware Supreme Court all found to be meritless. The Court should not allow Gary's dubious claims to proceed. First, the majority of Gary's claims are barred by the doctrine of *res judicata*, and thus, should be dismissed on this basis. Second, the remainder of the Amended Complaint, namely, Gary's purported breach-of-contract claim, fails to allege the required elements to establish even a plausible entitlement to relief. Finally, the Amended Complaint also fails procedurally for insufficient service of process. Thus, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(5), Deluxe moves, yet again, to dismiss, with prejudice, Gary's action against it.

**A. The Court Should Dismiss the Amended Complaint Under Federal Rule 12(b)(6) For Failure to State a Claim.**

To survive a motion to dismiss, the Amended Complaint must plead facts sufficient to show that a claim has substantive plausibility. *Thomas v. Christiana Health Care Servs.*, No. 21-746-CFC, 2022 U.S. Dist. LEXIS 39528, at *3 (D. Del. Mar. 7, 2022) (quotation omitted). "That plausibility must be found on the face of the complaint." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Milbourne v. Beecher*, No. 15-705-RGA, 2016 U.S. Dist. LEXIS 84925, at *4 (D. Del. June 30, 2016) (citing *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014)) ("To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.").

"A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. Although a plaintiff need not plead "detailed factual allegations," the complaint "must do more than simply provide labels and conclusions or a formulaic recitation of the elements of a cause of action." *Thomas*, 2022 U.S. Dist. LEXIS 39528, at *3 (quotations omitted).

8

While pro se litigants are afforded some leniency, they "still must allege sufficient facts in their complaints to support a claim." *McGillvary v. Grande*, No. 21-14015 (FLW), 2022 U.S. Dist. LEXIS 82338, *5 (D. N.J. May 6, 2022) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)). The court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *Thomas*, 2022 U.S. Dist. LEXIS 39528, at *3; *see also Golod v. Bank of Am. Corp.*, 403 Fed. Appx. 699 (3d Cir. 2010) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.") (quoting *Iqbal*, 556 U.S. at 663)). Moreover, "while pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *White v. Pa. State Police*, No. 10-0464, 2012 U.S. Dist. LEXIS 67855, *6 (W.D. Pa. Apr. 25, 2012) (internal quotation omitted), *adopted and dismissed*, *White v. Pa. State Police*, 2012 U.S. Dist. LEXIS 67487 (W.D. Pa., May 15, 2012). In other words, "a pro se litigant's failure to comply with a court order is not the same thing as inartful pleading or a lack of legal training." *Id.*

### i.   Most of Gary's Claims Are Barred By The Doctrine of *Res Judicata*.

With the exception of Gary's breach-of-contract allegations, the remaining claims are barred by the doctrine of *res judicata*. The doctrine provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Churchill v. Star Enterprises*, 183 F.3d 184, 194 (3d Cir. 1999) (internal citation omitted). *Res judicata* protects the public interest in "prevention of harassment of defendants and promotion of judicial economy." *Bradley v. Pittsburgh Bd. Of Educ.*, 913 F.2d 1064, 1073 (3d Cir. 1990); *see also Meding v. Hurd*, 607 F. Supp. 1088, 1100 (D. Del. 1985) (holding that claim preclusion is critical to "vindicate the interest of society in setting a controversy

9

to rest, and protect involuntary litigants from vexatious suits once all parties have been given a fair opportunity to litigate."); *see also Mohammed v. May Dep't Stores, Co.*, 273 F. Supp. 2d 531, 534 (D. Del. July 22, 2023) ("Res judicata avoids the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions."). As the Third Circuit has articulated, "the doctrine of res judicata is not a mere matter of technical practice or procedure, but a rule of fundamental and substantial justice." *Mohammed*, 273 F. Supp. 2d at 534 (quoting *EEOC v. U.S. Steel Corp.*, 921 F.2d 489, 492 (3d Cir. 1990)).

Claim preclusion, which is a subset of *res judicata*, and relevant here, "requires a showing that there has been (a) a final judgment on the merits in a prior suit involving (2) the same claim and (3) the same parties or their privies." *Id.* (internal quotations omitted); *see also Mann v. A.O. Smith Corp.*, No. 21-2361, 2023 U.S. App. LEXIS 5243, at *7 (3d Cir. Mar. 3, 2023). To determine whether a subsequent suit is indeed based on the same claim or cause of action, the Third Circuit has adopted "a broad view, looking to whether there is an essential similarity of the underlying events giving rise to the various legal claims." *McLaughlin v. Bd. of Trs. of the Nat'l Elevator Indus. Health Ben. Plan*, 686 Fed. Appx. 118, 124 (3d Cir. 2017) (internal quotations omitted). All three elements of claim preclusion are satisfied here for the following causes of action: "Duress/Coercion/Undue Influence"; "Fraud/Misrepresentation"; and "Title VII and DDEA (Delaware Title 19) Retaliatory Hostile Work Environment, Retaliation, Constructive Discharge". *See* D.I. 10.

First, the Delaware Supreme Court—which, again, affirmed the findings and decisions of the Superior Court, the DUIAB, and the unemployment appeals referee—issued a final judgment on the merits of Gary's allegations of duress or coercion. *See Gary*, 2025 Del. LEXIS 244. There

10

is no doubt the final judgment involved the same parties or their privies: Gary and Deluxe. *See id.* The Delaware Supreme Court "f[ou]nd it evident" that the DUIAB's decision "should be affirmed on the basis of and for the reasons stated in the Superior Court's Order dated November 7, 2024." *Id.* In its November 7, 2024, Order, the Superior Court expressly rejected Gary's allegations of duress because it was "abundantly clear" that she accepted, and never returned, the benefits of the Settlement Agreement. *See Gary*, 2024 Del. Super. LEXIS 738, *8. The Superior Court likewise found Gary's convoluted allegations of a termination "threat" to be "simply fanciful." *Id.* at 5. Despite this finding, the Amended Complaint maintains Deluxe "cryptically inserted termination threats into a draft settlement agreement" thereby allegedly coercing Gary into settlement. D.I. ¶¶ 9, 16, 23-27.

Second, Gary's allegations of duress and coercion underly her fraud and misrepresentation claims, and are therefore, likewise precluded. In the Amended Complaint, Gary alleges Deluxe "fraudulently misrepresented that [her] resignation was a result of a voluntary agreement between the parties when it was not." D.I. 10, ¶ 30. However, the voluntariness of Gary's separation from employment, including the absence of any duress or coercion, has already been adjudicated. *See Gary*, 2024 Del. Super. LEXIS 738, *8 (affirming DUIAB's decision that Gary "voluntarily left her employment without good cause"), *affirmed*, *Gary*, 2025 Del. LEXIS 244. Following a hearing, in which Gary had the opportunity to present evidence and argue her case, the DUIAB affirmed the appeals referee's decision and found both that her allegation of coercion was "meritless" and that she voluntarily resigned from her job. *Gary v. Wausau Fin. Sys*, Appeal Docket No. 27142869 (Del. Unemp. Ins. App. Bd. Apr. 17, 2024).

Third, the "Title VII and DDEA (Delaware Title 19) Retaliatory Hostile Work Environment, Retaliation, Constructive Discharge" allegations fare no better. To be sure, this

11

Court already found *these very allegations* to have been previously addressed by the February 15, 2024, Order in the Prior Action. *See* D.I. 7 (citing D.I. 58, *Gary*, 20-cv-1632-RGA). Consequently, these allegations did not survive the Court's dismissal on April 14, 2025. *See id.* Indeed, Gary acknowledges the inevitable fate of these claims in the final paragraph of the Amended Complaint. *See* D.I. 10, ¶ 51 ("To the extent that the Title VII and DDEA claims are not permitted at this time . . . ."). Gary's pro se status does not give her free rein to disregard court orders. *See White*, 2012 U.S. Dist. LEXIS 67855, *6.

Three of the four purported causes of action in the Amended Complaint arise from the very same set of facts (i.e., Gary signing and reaping the benefits of the Settlement Agreement) as her claim of duress that was already heard and adjudicated by four distinct tribunals. Gary's five-year history of litigious behavior against Deluxe is the exact type of harassment *res judicata* is intended to quell. *See Bradley*, 913 F.2d at 1073. As such, Deluxe respectfully moves to dismiss these claims under Rule 12(b)(6) by reason of *res judicata*. *See Duffy v. Kent County Levy Court, Inc.*, No. 09-817-SLR, 2011 U.S. Dist. LEXIS 18111, *11 (D. Del. Feb. 23, 2011) (granting motion to dismiss by reason of *res judicata* where plaintiff sought to relitigate claims).

### ii. Gary's Breach-of-Contract Allegations Fail to Plead the Requisite Elements.

Gary fails to properly allege that Deluxe breached a contract. To state a claim for breach of contract under Delaware law, Gary must allege: (1) the existence of a contract; (2) a breach by Deluxe of an obligation pursuant to the contract; and (3) damage Gary sustained as a result of Deluxe's breach. *Arunachalam v. Pazuniak*, No. 15-259-RGA, 2016 U.S. Dist. LEXIS 22147, *19-20 (D. Del. Feb. 24, 2016) (citing *VLIW Tech., LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 612 (Del. 2003)).

12

The Amended Complaint does not plead the three requisite elements of a breach of contract claim. While Deluxe will liberally construe, as it must, Gary's allegations, it need not accept as true her legal conclusions. *See Thomas*, 2022 U.S. Dist. LEXIS 39528, at \*3; *see also Golod*, 403 Fed. Appx. 699. As it relates to the first element, while not clear from the face of the Amended Complaint, Deluxe assumes, for purposes of this motion, that the contract at issue is the Settlement Agreement. As it relates to the second element, the purported breach by Deluxe appears to be its issuance to Gary of "a reference letter stating that the highest position [she] held was the position that [she] was demoted to . . . as opposed to the position [she] was hired for." D.I. 10. ¶ 34. As it relates to the third element, however, the Amended Complaint is absent of any allegation showing Gary was damaged by Deluxe's breach. Gary merely alleges, "The defendant's breach caused me emotional distress." D.I. 10 ¶ 35. "However, damages for emotional distress are not available for breach of contract in the absence of physical injury or intentional infliction of emotional distress." *Daniels v. Dover Downs Hotel & Casino Valet Parking*, No. K17C-02-013 JJC, 2017 Del. Super. LEXIS 227, \*4 (Del. Super. May 9, 2017) (citing *E.I. DuPont de Nemours & Co. v. Pressman*, 679 A.2d 436, 444 (Del. 1996)). Gary has not alleged she suffered physical injury based on Deluxe's reference letter given to her, nor do the facts alleged suggest a cognizable claim for intentional inflection of emotional distress. *Id.* (describing such a claim to be caused by alleged conduct "so extreme and outrageous").

Because Gary fails to allege the essential elements to a breach of contract claim, the court should dismiss this purported cause of action under Rule 12(b)(6). *Id.* (dismissing breach-of-contract claim and reasoning, "The Court cannot relieve Mr. Daniels of his obligation to put Dover Downs on notice of claims being brought against it" including "notice of the nature of the harm allegedly done to him.").

**B. Alternatively, the Court Should Dismiss the Amended Complaint Under Federal Rule 12(b)(5) Because Gary Failed to Comply With Court Orders and Federal Rule 4(m).**

Dismissal under Federal Rule 12(b)(5) is appropriate where, like here, the plaintiff fails to comply with Federal Rule 4(m). *See Mannina v. Safeway Co.*, No. 18-693-RGA, 2019 U.S. Dist. LEXIS 115001, *3-4 (D. Del. July 11, 2019) (stating defendant may file motion to dismiss pursuant to Rule 12(b)(5) when plaintiff fails to serve summons and complaint within time allowed by Rule 4(m)). Federal Rule 4(m) provides, "If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice . . . or order that service be made within a specified time." Fed.  R. Civ. P. 4(m). "[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

Here, Gary failed to serve Deluxe within the 90-day timeframe mandated by Rule 4(m), *see* D.I. 11, and then failed to abide by a court-ordered deadline. *See* D.I. 14-15. Gary has not provided any reason, let alone a good reason or good cause, for failing to comply. Although a *pro se* plaintiff, Gary has litigated before this court for over five years (exclusive of any time she spent litigating against Deluxe's predecessor company). She is thus well aware of her obligation to comply with court orders and the federal rules. *See White*, 2012 U.S. Dist. LEXIS 67855, *6 ("[A] pro se litigant's failure to comply with a court order is not the same thing as inartful pleading or a lack of legal training.").

While ordinarily such a dismissal would be without prejudice, this is not an ordinary case. Rather, this action represents a last-ditch effort by a litigious pro se plaintiff to resurrect claims that have been put to rest by multiple tribunals. Indeed, it has been almost three years since Gary voluntarily signed the Settlement Agreement and secured a large cash payout. *See Gary*, 2024 Del. Super. LEXIS 738, n. 14. Deluxe thus asks the Court to dismiss the Amended Complaint, *with*

14

*prejudice*, thereby providing necessary finality and enabling the parties to put this matter behind them.

## V. CONCLUSION

For the foregoing reasons, Deluxe respectfully requests that the Court dismiss Gary's Amended Complaint, *with prejudice*. Gary's claims are either barred by the doctrine of *res judicata* or she has failed to state claims upon which relief can be granted. Additionally, Gary has failed to comply with court orders and the federal rules. Accordingly Deluxe respectfully requests dismissal under Rules 12(b)(6) and 12(b)(5).

Dated: April 30, 2026                              Respectfully submitted,


                                                   DORSEY & WHITNEY (DELAWARE) LLP


                                                   */s/ Alessandra Glorioso*
                                                   Alessandra Glorioso (DE# 5757)
                                                   glorioso.alessandra@dorsey.com
                                                   300 Delaware Avenue, Suite 1010
                                                   Wilmington, DE 19801
                                                   Telephone:  (302) 425-7171
                                                   Facsimile:  (302) 425-7177

                                                   Counsel for Defendant Deluxe Corp.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 30, 2026, I caused a copy of the foregoing to be served upon

Constance Gary by mailing it to her last known address:

Constance Gary
98 Freedom Trail
New Castle, DE 19720

/s/ Alessandra Glorioso
Alessandra Glorioso (DE# 5757)

16