# EXHIBIT A

**SETTLEMENT AGREEMENT AND RELEASE**

This SETTLEMENT AGREEMENT AND RELEASE ("Settlement Agreement") is made and entered into by and between Plaintiff **Constance Gary** ("Ms. Gary") and Defendant **Deluxe Corporation** (referred to as "Deluxe" or the "Company").

WHEREAS, Ms. Gary is currently employed by Deluxe;

WHEREAS, Ms. Gary filed a Charge of Discrimination against Deluxe with the Equal Employment Opportunity Commission ("EEOC") on July 2, 2020, Case No. 530-2020-04311;

WHEREAS, the EEOC issued a Dismissal and Notice of Rights on August 31, 2020 in Case No. 530-2020-04311;

WHEREAS, Ms. Gary filed a second Charge of Discrimination against Deluxe with the EEOC on March 3, 2021, Case No. 530-2021-00038;

WHEREAS, the EEOC issued a Dismissal and Notice of Rights on September 27, 2021 in Case No. 530-2021-00038;

WHEREAS, Ms. Gary commenced a lawsuit against Deluxe in the United States District Court for the District of Delaware on November 30, 2020, captioned as *Constance Gary v. Deluxe Corp.*, Case No. 1:20-cv-01632-RGA (the "Action");

WHEREAS, Ms. Gary filed an amended complaint in the Action on December 17, 2021 (the "First Amended Complaint") (collectively, the "Litigation");

WHEREAS, Deluxe moved to partially dismiss Ms. Gary's First Amended Complaint on December 23, 2021;

WHEREAS, the Court granted in part and denied in part Deluxe's partial motion to dismiss on July 19, 2022;

WHEREAS, the parties engaged Chief Magistrate Judge Mary Pat Thynge to mediate the remaining claims raised in the First Amended Complaint;

WHEREAS, after that mediation ended in an impasse, the parties engaged in further settlement negotiations for the next several months after that mediation ended in an impasse;

WHEREAS, Deluxe denies Ms. Gary's allegations in full;

WHEREAS, Ms. Gary and Deluxe have now fully and finally settled all issues, differences, and claims, whether potential or actual, between Ms. Gary and Deluxe, based on any act, occurrence, or omission, whether known or unknown, occurring up through the date Ms. Gary signs this Settlement Agreement (the "Separation Date"), including, but not limited to, any claims that might arise out of Ms. Gary's employment and the /or termination end of her employment with Deluxe;

NOW, THEREFORE, the parties agree as follows:

1.      Separation Date.  Ms. Gary's employment will end as of the date she signs this Settlement Agreement. Ms. Gary -will not need to report to Deluxe's office or perform any work for Deluxe from tfollowing the he date she returns the signed Separation Agreement and Form W-9 to the Deluxe representative identified in Section 3 through the Separation Separation Date. Ms. Gary's employment by Deluxe and all benefits of employment will end as of the Separation Date.

1.2.    Consideration by Deluxe.  As consideration for Ms. Gary's promises and obligations under this Settlement Agreement, subject to the terms and conditions of this Settlement Agreement, and provided Ms. Gary signs, returns, and does not revoke any portion of this Settlement Agreement and signs and returns the stipulation for dismissal attached hereto as **Exhibit A** (the "Stipulation for Dismissal"), as described in Sections 34, 45, and 56 below, Deluxe will provide Ms. Gary with the following items to which she is not otherwise entitled:

a.  The Settlement Amount.  Deluxe will pay Ms. Gary the gross amount of fifty-eightthirty-one thousand, five hundred dollars and zero cents (-$58,31,500.00) (the "Settlement Amount"), as set forth below. The Settlement Amount will be paid via check sent by overnight delivery to Ms. Gary at 98 Freedom Trail, New Castle, DE 19720 [mailing address], within three one (31) business days after the later of the end of the revocation period described in Section 45 below or the date it receives the signed Settlement Agreement and the required tax form from Ms. Gary.

The Settlement Amount will be paid as compensation for Ms. Gary's claims of emotional distress and for punitive damages. Before payment will be made, Ms. Gary will submit a Form W-9 to Deluxe. Ms. Gary agrees that Deluxe shall issue her a Form 1099 for this amount.

Ms. Gary agrees and understands she will be solely responsible for paying any and all taxes owing on the Settlement Amount. Ms. Gary further agrees and acknowledges that, if any governmental taxing authority should disagree with the parties' characterization or treatment of the Settlement Amount, Ms. Gary will hold Deluxe and any of its predecessors, successors, parents, subsidiaries, affiliates, related entities, directors, employees, representatives, insurers, and attorneys harmless against, and indemnify them for, any and all claims, demands, deficiencies, judgments or recoveries by the Internal Revenue Service, or any other taxing authority or other governmental agency (whether federal, state or local), related to the Settlement Amount, including amounts paid by Deluxe as taxes, attorneys' fees, fines, penalties, interest or otherwise. It is understood that Deluxe makes no representations or warranties with respect to the tax consequences of the Settlement Amount.

b.  Letter Signed by Martin Pyne. Within two one (21) business days following Ms. Gary's signing and returning the Stipulation of Dismissal, as described in Section 65, -Deluxe will mail via overnight delivery to Ms. Gary, at 98 Freedom Trail, New Castle, DE 19720, [mailing address] a letter on Deluxe letterhead

Page **2** of **11**

4886-1000-5569\7

and signed by Martin Pyne, stating the highest position held by Ms. Gary, the dates of Ms. Gary's employment with Deluxe, her positions held, and a list of the ratings Ms. Gary received on her last three annual performance reviews.

c. <u>Additional Lump Sum Payment</u>. Deluxe will provide Ms. Gary with a lump sum payment equal to five (5) days of regular wages, minus deductions for required tax withholding, to be paid via direct deposit (the "Lump Sum Payment") on the next business day after Deluxe receives the signed Settlement Agreement from Ms. Gary. the end of the revocation period described in Section 4 (the "Separation Date"). Deluxe will report the Lump Sum Payment on Ms. Gary's 2023 W-2. Ms. Gary will not need to report to Deluxe's office or perform any work for Deluxe from the date she returns the signed Separation Agreement and Form W-9 to the Deluxe representative identified in Section 3 through the Separation Date. Ms. Gary's employment by Deluxe and all benefits of employment will end as of the Separation Date.

d. <u>Forgiveness of Negative PTO Balance</u> Forgiven. Additionally, For clarity, the Lump Sum Payment will not relieve Ms. Gary will be relieved of her obligation to repay Deluxe the negative balance of the un-accrued paid time off ("PTO") used by Ms. Gary has as of the through the Separation Date.

2.3. <u>Release of Claims</u>. Ms. Gary hereby releases any and all claims that Ms. Gary has or may have against Deluxe and its predecessors, successors, assigns, parents, affiliates, subsidiaries, related companies, officers, employees, agents, assigns, insurers, representatives, counsel, administrators, successors, shareholders, and/or directors (the "Released Parties") as a result of Deluxe's hiring of Ms. Gary, Ms. Gary's employment with, and the end or termination of Ms. Gary's employment with, Deluxe, or any act, occurrence, or omission, whether known or unknown, occurring up through the date she signs this Settlement Agreement.

For the consideration expressed herein, Ms. Gary, on behalf of herself and her heirs, successors, representatives, and assigns, hereby releases and discharges the Released Parties from any and all claims, causes of action, liabilities, damages, and right to relief of any kind that Ms. Gary has or ever had against the Released Parties, known or unknown, up through the date on which she signed this Settlement Agreement. Ms. Gary's release of claims is intended to extend to and includes, among other things, claims of any kind arising under or based upon the Age Discrimination in Employment Act, as Amended by the Older Worker's Benefits Protection Act; Title VII of the Civil Rights Act of 1964; the Americans with Disabilities Act; the Family and Medical Leave Act; the Employee Retirement Income Security Act; the Fair Credit Reporting Act; the Individual Retirement Income Security Act of 1974; the Equal Pay Act; the Worker Adjustment and Retraining Notification Act; the Occupational Safety and Health Act; the Families First Coronavirus Response Act; Delaware Discrimination in Employment Act, Del. Code Ann. tit. 19, §§ 710–719A; Del. Code Ann. tit. 19, § 1107A (equal pay); Persons With Disabilities Employment Protections Act, Del. Code Ann. tit. 19, §§ 720–728; Delaware Whistleblowers' Protection Act, Del. Code Ann. tit. 19, §§ 1701–1708; Del. Code Ann. tit. 29, § 5115 (whistleblower protections for public employees); Del. Code Ann. tit. 10, § 4515 (allowing employees to file suits against employer for termination because of jury duty); and any other federal, state, or local law, rule, or regulation prohibiting employment discrimination or otherwise

4886-1000-5569\7

relating to employment; and any claims based upon any other theory, whether legal or equitable, arising from or related to any matter or fact arising out of the events giving rise to this Settlement Agreement.

Ms. Gary also agrees and understands that she is giving up any and all other claims, whether grounded in contract or tort theories, including, but not limited to: wrongful discharge; breach of contract (including any claims for unpaid compensation); tortious interference with contractual relations; promissory estoppel; detrimental reliance; breach of the implied covenant of good faith and fair dealing; breach of express or implied promise; breach of manuals or other policies; breach of fiduciary duty; assault; battery; fraud; false imprisonment; invasion of privacy; intentional or negligent misrepresentation; defamation, including libel, slander, discharge defamation, and self-publication defamation; discharge in violation of public policy; whistleblower; intentional or negligent infliction of emotional distress; and claims for punitive damages or attorneys' fees or any other theory, whether legal or equitable.

Nothing in this Settlement Agreement, however, purports to release or waive claims that may not be released or waived as a matter of law or claims based on events, occurrences, or omissions that occur after Ms. Gary executes the Settlement Agreement. Similarly, nothing in this Settlement Agreement prevents Ms. Gary from filing a charge with the Equal Employment Opportunity Commission ("EEOC") or any government agency or participating in any investigation or proceeding; however, Ms. Gary agrees and understands that she waives all claims and rights to monetary or other recovery from Deluxe, if any.

Further, nothing in this Settlement Agreement shall prohibit or restrict Ms. Gary from cooperating and/or testifying fully and truthfully in any action, proceeding (actual or threatened), or regulatory matter before any tribunal, governmental agency, or regulatory body or from initiating communications directly with, responding to any inquiry from, or providing testimony before, the SEC, FINRA, any state or federal regulatory authority, or any other self-regulatory organization regarding any matter. This Settlement Agreement does not limit Ms. Gary's right to receive an award for information provided to any government agencies.

Finally, Ms. Gary understands that under the U.S. Defend Trade Secrets Act of 2016, she will not be held criminally or civilly liable under any U.S. federal or state trade secret law for the disclosure of a trade secret that is made in confidence to government officials, either directly or indirectly, or to an attorney, in each case solely for the purpose of reporting or investigating a suspected violation of law, or in a complaint or other document filed in a lawsuit or other proceeding, provided such filing is made under seal.

3.4.    **Consideration Period and Advice to Consult with Counsel.** Ms. Gary is hereby informed that the terms of this Settlement Agreement shall be open for acceptance and execution by Ms. Gary for a period of twenty-one (21) calendar days from Ms. Gary's date of receipt. Changes to this Settlement Agreement, whether material or immaterial, will not restart the running of this twenty-one (21) acceptance period. During this time, Deluxe advises and encourages Ms. Gary to consult with an attorney. To receive the consideration provided for in this Settlement Agreement, including, but not limited to, any consideration described in Section 12, Ms. Gary must return a signed and dated original copy of this Settlement Agreement to:

4886-1000-5569\7

Jillian Kornblatt
Dorsey & Whitney LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
kornblatt.jillian@dorsey.com

4.5.    Right to Revoke.  Ms. Gary is hereby informed of heris right to revoke this Settlement Agreement as far as it extends to potential claims under the Age Discrimination in Employment Act ("ADEA") by written notice to Deluxe within seven (7) calendar days following her execution of this Settlement Agreement. Any such revocation must be made in writing and delivered by hand or by certified mail, return receipt requested, postmarked on or before the last day of the applicable revocation period to the Deluxe representative identified in Section 4.

If Ms. Gary exercises her right to revoke her release of claims under the ADEA, Deluxe may, at its option, either nullify this Settlement Agreement in its entirety, or keep it in effect in all respects other than as to that portion of the release of claims that Ms. Gary has revoked. Ms. Gary agrees and understands that if Deluxe chooses to nullify the Settlement Agreement in its entirety, Deluxe will have no obligations under this Settlement Agreement.

5.6.    Dismissal of Claims. Ms. Gary agrees that within two (2) calendar days of her receipt of the Settlement Amount from Deluxe as described in Section 21, she will return the Stipulation for Dismissal, dismissing the Action with prejudice and without an award of costs or attorneys' fees to either party, to Deluxe representative identified in Section 34. The parties agree to cooperate in good faith to accomplish dismissal of Ms. Gary's claims with prejudice, including signing and filing any required papers.

6.7.    No Admission of Liability. This Settlement Agreement does not constitute an admission by the Released Parties of a violation of any law, contract, order, regulation, enactment, or public policy, and the Released Parties specifically deny any such violation or wrongdoing. This Settlement Agreement, its execution, and its implementation shall not be construed, and shall not be admissible in any proceeding, as evidence of an admission by the Released Parties of an unlawful employment practice or other unlawful conduct under any federal, state, or local statute, regulation, order, or public policy.

7.8.    Claims Warranties.  Ms. Gary represents and warrants that she is not aware of any facts that would establish, tend to establish, or in any way support an allegation that any employee, officer, director or agent of Deluxe has engaged in conduct that she believes could violate (1) any provision of federal law relating to fraud (including but not limited to the Sarbanes-Oxley Act, the Dodd-Frank Wall Street Reform and Consumer Protection Act and/or any state or local counterpart); (2) any rule or regulation of the Securities and Exchange Commission; (3) the federal False Claims Act and/or any state or local or municipal qui tam counterpart (which prohibit the presentation by Deluxe or any affiliate of false claims and statements or the creation of false records or statements in order to obtain payment of federal, state, county or municipal funds, or to avoid refunds of such government funds); and (4) any other federal, state or local law, other than the allegations in the claims Ms. Gary has brought against Deluxe in the Litigation.

4886-1000-5569\7

8.9.    Mutual Non-Defamation.  Ms. Gary hereby agrees she will not defame not defame Deluxe, any of Deluxe's current or former employees, or Deluxe's management or services. Deluxe agrees it will instruct [names] to not defame Ms. Gary. For purposes of this Settlement Agreement, defamatory statements are those by making statements that are maliciously untrue, such that they are made with knowledge of their falsity or with reckless disregard for their truth or falsity.

**Commented [KJ1]:** Ms. Gary – Deluxe cannot instruct thousands of employees not to defame you. Plaintiffs typically list the few individuals they are most concerned about.

9.10.    Employment Verification.  Ms. Gary agrees to direct any prospective employers to contact The Work Number. In response, The Work Number will provide only Ms. Gary's dates of employment and title of last position held, and, if requested by Ms. Gary, compensationsalary information as of the Separation Date.

**Commented [KJ2]:** Ms. Gary – we are confirming the information the Work Number provides for all former Deluxe employees.

10.11.  No Reapply/No Reaccept. Ms. Gary agrees that she will not reapply for, or reaccept, a position or engagement to provide service for Deluxe or any of its subsidiaries. Should a company that she is working for be acquired by Deluxe or any of its subsidiaries, she shall not be required to resign by virtue of this Section.

11.12.  Return of Company Property. Ms. Gary agrees and represents that, on as of the Separation Date, she will return her Deluxe badge and access card by mailing it to the Deluxe representative identified in Section 4. As of the Separation Date, Ms. Gary represents that she is not in possession of any other date of her signature of this Settlement Agreement, she has returned to Deluxe all Deluxe property and equipment, including, without limitation, all computers, keys, access cards, credit cards, records, files, documents (including all letters, memoranda, notes, notebooks, and reports) and other data, in hard copy or electronic form, and all copies thereof, and all other tangible Deluxe property, which was in her possession or under her control, and has not retained any copies of any Deluxe documents or data.

12.13.  Non-Assignability.   Ms. Gary understands and agrees that this Settlement Agreement is personal to Ms. Gary. The duties, rights, and obligations set forth herein may not be delegated or assigned by Ms. Gary to any other person without prior written consent of an authorized representative of Deluxe. Deluxe's rights and obligations hereunder may be assigned to any successor following a sale of Deluxe or of Deluxe's assets, or any other transaction involving a change in control.

13.14.  Representations and Warranties Regarding the FMLA and FLSA.  Ms. Gary represents and warrants that she is not aware of any facts or circumstances that might justify a claim against the Released Parties for any violation of the Family and Medical Leave Act ("FMLA"). Ms. Gary represents and warrants that she has received any and all wages and/or commissions for work performed as required under the FLSA or comparable state statutes, pursuant to this Settlement Agreement, and any and all FMLA leave to which she may have been entitled.

14.15.  Governing Law; Severability.  This Settlement Agreement shall be governed by the laws of the State of Delaware without regard to the choice of law provisions of any jurisdiction. If any part of this Settlement Agreement is construed to be invalid and/or unenforceable, such part shall be modified to achieve the objective of the parties to the fullest extent permitted and the balance of this Settlement Agreement shall remain in full force and effect. The language of all

parts of this Settlement Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties.

15.16.  Entire Agreement; Modification.    This Settlement Agreement is the entire agreement between Ms. Gary and Deluxe with respect to the subject matter of this Settlement Agreement, and this Settlement Agreement supersedes any prior negotiations between Ms. Gary and Deluxe with respect to the subject matter herein. Any modification of or addition to this Settlement Agreement must be in a writing signed by Ms. Gary and an authorized representative of Deluxe.

16.17.  Waiver.  The waiver by either party of a breach by the other party of any provision of this Agreement shall not operate or be construed as a waiver of any subsequent breach.

17.18.  Counterparts and Electronic Signatures.  This Agreement may be executed in any number of counterparts, each of which when so executed shall be deemed an original, and the counterparts together shall constitute one and the same agreement. A copied, scanned, or faxed signature shall be treated the same as an original.

18.19.  Plaintiff's Representation.    BY SIGNING BELOW, MS. GARY ACKNOWLEDGES AND AFFIRMS THAT (1) SHE HAS READ THIS AGREEMENT COMPLETELY, (2) SHE HAS HAD A SUFFICIENT PERIOD OF TIME TO CONSIDER WHETHER OR NOT TO ACCEPT THIS AGREEMENT, (3) THE PROVISIONS OF THIS AGREEMENT ARE UNDERSTANDABLE TO HER, (4) SHE HAD THE OPPORTUNITY TO CONSULT WITH AN ATTORNEY OF HER CHOICE, AND (5) SHE HAS ENTERED INTO THIS AGREEMENT FREELY AND VOLUNTARILY.

4886-1000-5569\7

IN WITNESS WHEREOF, the parties have executed this ~~Confidential~~ Settlement Agreement and Release by their signatures below.

Dated: _____          _____
                                    Constance Gary


Dated: _____          Deluxe Corporation

                                    By: _____

                                    Name: _____

                                    Its: _____

4886-1000-5569\7

# Exhibit A

Page **9** of **11**

4886-1000-5569\7

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CONSTANCE GARY, <br><br> Plaintiff, <br><br> vs. <br><br> DELUXE CORP., <br><br> Defendant. | Civil Action No. 20-1632-RGA |

**STIPULATION FOR VOLUNTARY DISMISSAL, WITH PREJUDICE~~DUICE~~**

Pursuant to Federal Rule of Civil Procedure 41(a), the parties hereby stipulate and agree that the above-captioned action shall be dismissed, with prejudice, and with each party bearing her or its own costs, expenses and attorneys' fees.

Respectfully,

Dated: June~~May~~        , 2023

By: _____
Constance Gary
Pro se Plaintiff

Dated: June~~May~~        , 2023

DORSEY & WHITNEY (DELAWARE) LLP

By:_____
Alessandra Glorioso (DE# 5757)
glorioso.alessandra@dorsey.com
Eric Lopez Schnabel (DE# 03672)
schnabel.eric@dorsey.com
300 Delaware Avenue, Suite 1010
Wilmington, DE 19801
Telephone: (302) 425-7171
Facsimile: (302) 425-7177

Page **10** of **11**

4886-1000-5569\7

and

DORSEY & WHITNEY LLP

Jillian Kornblatt (admitted *pro hac vice*)
kornblatt.jillian@dorsey.com
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Telephone: (612) 340-2600
Facsimile: (612) 340-2868

Attorneys for Defendant Deluxe Corp.

Page **11** of **11**

4886-1000-5569\7